NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11882

GUARDIANSHIP OF J.T.


May 4, 2016.


Moot Question.  Practice, Civil, Moot case, Assistance of counsel.  Probate Court, Guardian.


This case is before us on a report from a judge in the Probate and Family Court.  It concerns a guardianship of a minor child pursuant to G. L. c. 190B.  Specifically, the question is whether an indigent parent who petitions to remove a guardian and regain custody of her child, or to establish visitation with the child, has a right to counsel on those petitions.  We discharge the report as moot.

The guardian was appointed in accordance with G. L. c. 190B, § 5-206, in May, 2014.  The mother, who was not represented by counsel, consented to the appointment of the guardian.  In March, 2015, the mother filed a petition to remove the guardian, see G. L. c. 190B, § 5-212, alleging that she was "presently fit and able to resume care of the child."  She also filed an application for the appointment of counsel to represent her in the removal proceeding.  Several days later she filed a separate petition requesting "the opportunity to have visitation with" the child.  (The guardianship decree had no provision for visitation.)

A judge in the Probate and Family Court denied the mother's request for counsel and reported this interlocutory ruling to

the Appeals Court.  We transferred the case to this court on our own motion.[1,2]

While the case has been pending here, the mother and the guardian mediated and resolved the underlying matter in the trial court.  A decree has been entered terminating the guardianship, the child has been returned to the custody of the mother, and a separate petition that the guardian had filed to adopt the child has been dismissed by agreement.[3]

The judge's interlocutory report has been rendered moot by the resolution of the underlying case.  There is no need to address the issues further in this case.  Essentially the same issues are raised and addressed in L.B. v. Chief Justice of the Probate & Family Court Dep't, 474 Mass.    (2016), which we also decide today.

---

[1] The mother has been represented in this court by appellate pro bono counsel.  Neither the guardian nor the child, both of whom were represented by counsel in the Probate and Family Court, has submitted a brief.

[2] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services and the amicus brief submitted jointly by the Massachusetts Law Reform Institute, Women's Bar Association of Massachusetts, Greater Boston Legal Services, Justice Center of Southeast Massachusetts LLC, Community Legal Aid Services and Counseling Center, Harvard Legal Aid Bureau, Northeast Legal Aid, Mental Health Legal Advisors Committee, and the Center for Public Representation.  The Boston Bar Association submitted a letter stating that it endorsed the latter brief.

We also acknowledge the amicus brief submitted by the Chief Justice of the Probate and Family Court Department.

[3] We note that the mother's mediation and settlement of her underlying claims in the trial court may have occurred on her own, and without the knowledge of her appellate counsel.  No suggestion is made before us that the settlement of the underlying case or the specific terms and conditions of the parties' agreement that were incorporated into the judge's final decree terminating the guardianship are unenforceable for any reason.  Any such claim, if one is to be made, can be made in a motion for postjudgment relief in the trial court.

Although the matter is moot, we have carefully considered the mother's brief as an amicus brief in the L.B. case.

Report discharged as moot.

Susan M. Finegan (Geoffrey A. Friedman & Sandra J. Badin with her) for the mother.

Jamie Ann Sabino, Susan R. Elsen, Mary K. Ryan, & Melanie V. Woodward, for Massachusetts Law Reform Institute, Inc., & others, amici curiae, submitted a brief.

Andrew L. Cohen, Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

Jo Ann Shotwell Kaplan, Assistant Attorney General, for Chief Justice of the Probate and Family Court Department, amicus curiae, submitted a brief.

Richard M. Page, Jr., for Boston Bar Association, amicus curiae, joined in a brief.